ALLEN RUBY (Bar No. 47109)
JAMES J. ELACQUA (Bar No. 187897)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California  94301-1908
Telephone:     (650) 470-4500
Facsimile:      (650) 470-4570
Allen.Ruby@skadden.com
James.Elacqua@skadden.com

*Attorneys for* NOKIA CORPORATION,
NOKIA SOLUTIONS AND NETWORKS OY, and
NOKIA TECHNOLOGIES OY

Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC. <br><br> Plaintiff, <br><br> v. <br><br> NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, NOKIA TECHNOLOGIES OY, ACACIA RESEARCH CORPORATION, CELLULAR COMMUNICATION EQUIPMENT LLC, SAINT LAWRENCE COMMUNICATIONS, LLC, CELLULAR COMMUNICATIONS EQUIPMENT GMBH, SAINT LAWRENCE COMMUNICATIONS GMBH, CONVERSANT INTELLECTUAL PROPERTY MANAGEMENT INC., CORE WIRELESS LICENSING S.A.R.L., AND CORE WIRELESS LICENSING LTD. <br><br> Defendants. | CASE NO.:  5:16-cv-7266 <br><br> **NOTICE OF MOTION AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    September 14, 2017 <br> Time:   9:00 a.m. <br> Judge:  Honorable Edward J. Davila |

**MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT**          Case No. 5:16-cv-7266

1  STEVEN C. SUNSHINE (admitted *pro hac vice*)
   JULIA K. YORK (admitted *pro hac vice*)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue, N.W.
3  Washington, DC 20005-2111
   Telephone:    (202) 371-7000
4  Facsimile:    (202) 393-5760
   Steven.Sunshine@skadden.com
5  Julia.York@skadden.com

6  *Attorneys for* NOKIA CORPORATION, NOKIA SOLUTIONS AND NETWORKS OY, and
   NOKIA TECHNOLOGIES OY
7

8  ED NELSON III (admitted *pro hac vice*)
   RYAN GRIFFIN (admitted *pro hac vice*)
   NELSON BUMGARDNER PC
9  3131 West 7th Street, Suite 300
   Fort Worth, TX 76107
10 Telephone:    (817) 377-9111
   Facsimile:    (817) 377-3485
11 Ed@nelbum.com
   Ryan@nelbum.com
12
   BRADLEY W. CALDWELL (admitted *pro hac vice*)
13 J. AUSTIN CURRY (admitted *pro hac vice*)
   CALDWELL CASSADY & CURRY
14 2101 Cedar Springs Road, Suite 1000
   Dallas, Texas 75201
15 Telephone:    (214) 888-4848
   Facsimile:    (214) 888-4849
16 bcaldwell@caldwellcc.com
   acurry@caldwellcc.com
17
   PATRICIA PEDEN (Bar No. 206440)
18 LECLAIRRYAN
   44 Montgomery Street, Suite 3100
19 San Francisco, California 94104
   Telephone:    (415) 913-4932
20 Facsimile:    (415) 391-8766
   Patricia.Peden@leclairryan.com
21
   *Attorneys for* ACACIA RESEARCH CORPORATION, CELLULAR COMMUNICATIONS
22 EQUIPMENT LLC, CELLULAR COMMUNICATIONS EQUIPMENT GMBH, SAINT
   LAWRENCE COMMUNICATIONS LLC, and SAINT LAWRENCE COMMUNICATIONS
23 GMBH

24 JAMES KRESS (admitted *pro hac vice*)
   BAKER BOTTS
25 1299 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-2400
26 Telephone:    (202) 639-7700
   Facsimile:    (202) 639-7890
27 James.Kress@bakerbotts.com

28

1 | STUART PLUNKETT (Bar No. 187971)
BAKER BOTTS
2 | 101 California Street, Suite 3600
San Francisco, California 94111
3 | Telephone:     (415) 291-6200
Facsimile:      (415) 291-6300
4 | Stuart.Plunkett@bakerbotts.com

5 | *Attorneys for* CONVERSANT INTELLECTUAL PROPERTY MANAGEMENT INC., CORE WIRELESS LICENSING, S.A.R.L., and CORE WIRELESS LICENSING LTD.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................... ii

NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY ..................................................................................................1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................2

I.    BACKGROUND ...........................................................................................................4

        A.    Apple's Complaint and Defendants' Motion To Dismiss........................................4

        B.    Apple's Discovery Requests. ..................................................................................5

II.    ARGUMENT .................................................................................................................6

        A.    Good Cause Exists To Stay Discovery in This Case Pending a Decision on Defendants' Motion To Dismiss. .............................................................................6

            1.    Courts Routinely Stay Discovery While Motions To Dismiss Are Pending in Antitrust Litigation. ..................................................................6

            2.    A Stay is Warranted Under the Northern District's Two-Prong Test..........8

            3.    Apple Will Not Be Prejudiced by a Temporary Stay. ...............................12

III.    CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 2, 6, 7

*DSM Desotech Inc. v. 3D Systems Corp.*,
  No. 08 CV 1531, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) ........................................ 7

*Estate of Bock v. County of Sutter*,
  No. S-11-0536 MCE GGH, 2012 WL 94618 (E.D. Cal. Jan. 9, 2012) ..................... 9, 10

*FTC v. Qualcomm Inc.*,
  No. 17-CV-00220-LHK (N.D. Cal. Apr. 13, 2017) (ECF 72) .......................................... 8

*Gibbs v. Carson*,
  No. C-13-0860 TEH (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014) ......................... 9

*In re Graphics Processing Units Antitrust Litigation*,
  No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ................. 7, 9, 10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ..................................................................................... 9

*Hall v. Tilton*, No. C 07-3233 RMW (PR),
  2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ..................................................................... 9

*Hamilton v. Rhoads*, No. C 11-0227 RMW (PR),
  2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ............................................................. 7, 9

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ..................................................................................... 9, 11

*Limestone Development Corp. v. Village of Lemont*,
  520 F.3d 797 (7th Cir. 2008) ........................................................................................... 7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ........................................................................................... 7

*McLafferty v. Deutsche Lufthansa A.G.*,
  No. 08-1706, 2008 WL 4612856 (E.D. Pa. Oct. 15, 2008) ........................................... 12

*Mlejnecky v. Olympus Imaging America Inc.*,
  No. 2:10-cv-02630 JAM KJN, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) .................. 11

*Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 1:11-cv-249,
  2011 U.S. Dist. LEXIS 105056, at *7-8 (N.D. Ind. Sept. 15, 2011) ................................ 7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ........................................................................................... 7

*In re Sulfuric Acid Antitrust Litigation*,
   231 F.R.D. 331 (N.D. Ill. 2005) ........................................................................................ 7

*Top Rank, Inc. v. Haymon*,
   No. CV 15-4961-JFW (MRWx), 2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) ........................ 12

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) ........................................................................................ 9

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) ........................................................................................... 9

**STATUTES**

15 U.S.C. § 1 ........................................................................................................................ 4

15 U.S.C. § 2 ........................................................................................................................ 4

15 U.S.C. § 18 ...................................................................................................................... 4

Cal. Bus. & Prof. Code § 17200 ........................................................................................... 4

**RULES**

Fed. R. Civ. P. 26(c) ............................................................................................................ 1

Fed. R. Civ. P. 26(c)(1) ........................................................................................................ 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 3

**OTHER AUTHORITIES**

Defendants' Joint Motion for Temporary Stay of Discovery, *In re High-Tech Emp.
   Antitrust Litig.*, No. 11-CV-2509-LHK (N.D. Cal. Oct. 13, 2011) (ECF 80) ............................ 2, 8

Transcript, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK
   (N.D. Cal. Oct. 27, 2011) (ECF 94) ................................................................................... 8

# NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m. on Thursday, September 14, 2017, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward J. Davila, located at 280 South 1st Street, Courtroom 4, 5th Floor, San Jose, CA 95113, Defendants Nokia Corporation, Nokia Solutions and Networks Oy, Nokia Technologies Oy, Acacia Research Corporation, Cellular Communications Equipment LLC, Saint Lawrence Communications LLC, Cellular Communications Equipment GmbH, Saint Lawrence Communications GmbH, Conversant Intellectual Property Management, Inc., Core Wireless Licensing, S.a.r.l., and Core Wireless Licensing Ltd.[1] will and hereby do move this Court for a protective order temporarily staying discovery in this case pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of Defendants' Motion to Dismiss Plaintiff Apple, Inc.'s ("Apple") Amended Complaint ("Motion to Dismiss") (ECF 73) and supplemental briefs (ECF 75, 77).

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of James J. Elacqua in support hereof and exhibits thereto, Defendants' Motion to Dismiss and supporting briefs, the pleadings and record in this action and such further evidence and arguments that the Court may consider.

## STATEMENT OF ISSUES TO BE DECIDED

Whether, given the Supreme Court's guidance in *Twombly*, there is good cause to stay discovery while Defendants' Motion to Dismiss is pending.

---

[1] Defendants Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia Technologies Oy collectively are referred to herein as "Nokia," unless otherwise noted. Similarly, Defendants Acacia Research Corporation, Cellular Communications Equipment LLC, Saint Lawrence Communications LLC, Cellular Communications Equipment GmbH, and Saint Lawrence Communications GmbH collectively are referred to herein as "Acacia," unless otherwise noted. Finally, Defendants Conversant Intellectual Property Management, Inc., Core Wireless Licensing, S.a.r.l., and Core Wireless Licensing Ltd. collectively are referred to herein as "Conversant," unless otherwise noted. In making this motion, Nokia Defendants are not waiving their right to seek to arbitrate remaining claims following the Court's decision on Defendants' Motion to Dismiss.

-1-

**MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT**                    Case No. 5:16-cv-7266

## MEMORANDUM OF POINTS AND AUTHORITIES

Less than two weeks after Defendants filed their Motion to Dismiss, and even before filing its opposition thereto, Plaintiff Apple served extraordinarily broad discovery requests seeking to obtain documents and interrogatory responses from all Defendants. Apple also seeks to extend discovery limits, allowing it to take 30 depositions and serve double the number of interrogatories. Apple's sweeping discovery requests and its early efforts to significantly expand the scope of discovery clearly are designed to inflict heavy burdens and costs on Defendants at the earliest time possible, even before the Court evaluates Defendants' Motion to Dismiss Apple's deficient Amended Complaint. Because Apple's novel antitrust and contract theories lack foundation in law and are undermined by Apple's own pleading concessions, Defendants' motion is fully dispositive of Apple's claims. Defendants therefore respectfully submit that a stay of discovery is warranted here pending a ruling on their Motion to Dismiss.

As the Supreme Court cautioned in *Twombly*: "[I]t is only by taking care to require allegations that reach the level suggesting [an antitrust violation] that we can hope to avoid the potentially enormous expense of discovery in cases with no '"reasonably founded hope that the [discovery] process will reveal relevant evidence"' . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (third alteration in original) (citation omitted). That admonition applies with equal force here. Defendants should not be forced to expend the enormous resources that would be required to respond to Apple's discovery requests until this Court has had the opportunity to determine whether Apple has stated a claim. That is particularly true here, where Apple advances an unsustainable antitrust theory that has never been accepted by a court and is both legally deficient on multiple grounds and inadequately pled under the *Twombly* pleading standard. Apple itself has advanced these very points under *Twombly*, telling a court in this District that a stay of discovery "is ***particularly appropriate in complex antitrust cases*** . . . where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered *if* this Court determines that Plaintiffs can plead a viable claim." Defendants' Joint Motion for Temporary Stay of Discovery at 1, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK (N.D. Cal. Oct. 13, 2011) (ECF 80) (first emphasis added).

A stay here is plainly warranted under the two-part test typically employed in this District. *First*, Defendants' Motion to Dismiss, if granted, will be dispositive of this case and moot the need for the costly and burdensome discovery that Apple has propounded. As the Motion to Dismiss makes clear, Apple's Amended Complaint fails to state a claim and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Apple's unprecedented antitrust theory that the mere sale of patents by Nokia to Acacia and Conversant purportedly violates the antitrust laws is untenable. Similarly, Apple's own pleading concessions are inconsistent with any claim that the patent transfers breached any contractual FRAND obligations. *Second*, because Apple's claims are fundamentally flawed on legal grounds, the pleading deficiencies cannot be cured, and no amount of discovery will change that.

Apple's discovery requests—which, by and large, are unlimited by date—demand discovery into nearly every aspect of each Defendant's patent licensing business and related activities. For example, Apple seeks almost every document in Defendants' possession related to patent transfers by Nokia to Conversant, Acacia and others (and Apple alleges that Nokia has transferred thousands of patents). To comply with these overbroad requests, Nokia, Acacia and Conversant would need to gather information from, and collect, review, and produce documents maintained by numerous employees at offices around the world, at considerable expense. Moreover, proceeding with discovery now is likely to burden the Court, wasting resources on potentially unnecessary discovery disputes.

Accordingly, at this stage of the litigation, with the Motion to Dismiss the entire action pending, and with the costly and undue burden that discovery would impose on the Defendants and the Court, good cause exists to stay discovery. After this Court rules on the Motion to Dismiss, if there are any parts of Apple's Amended Complaint left standing, then appropriate discovery directed towards those surviving claims can proceed. Therefore, Defendants respectfully request that the Court issue a protective order staying discovery pending a decision on Defendants' Motion to Dismiss.

## I. BACKGROUND

### A. Apple's Complaint and Defendants' Motion To Dismiss.

On December 20, 2016, Apple filed a complaint against Acacia and Conversant alleging violations of the federal antitrust laws and state competition laws, as well as breach of contract. (*See* Compl. (ECF 1).) Just a day later, on December 21, 2016, Apple filed an amended complaint ("Amended Complaint") adding three Nokia entities as Defendants and asserting the novel theory that Nokia's transfer of patents to Conversant, Acacia and other entities violates many of the same laws identified in Apple's original complaint. (*See* Am. Compl. ¶ 1, 13 (ECF 12-3).) Specifically, Apple alleges that the patent transfers between Nokia and Acacia and Conversant violated Section 7 of the Clayton Act, 15 U.S.C. § 18 ("Section 7") (*id.* ¶ 119), Section 1 of the Sherman Act, 15 U.S.C. § 1 ("Section 1") (*id.* ¶ 110), Section 2 of the Sherman Act, 15 U.S.C. § 2 ("Section 2") (*id.* ¶¶ 123, 129), breached contracts requiring Nokia to license certain patents on fair, reasonable and non-discriminatory ("FRAND") terms (*id.* ¶¶ 102-08), and violated California Business & Professions Code § 17200, California's unfair competition law (*id.* ¶ 136).

On March 28, 2017, Defendants filed their Motion to Dismiss and supporting briefs, which seek dismissal of the Amended Complaint in its entirety under Rule 12(b)(6) for failure to state a claim. As that motion sets forth, Apple's unprecedented claims do not pass muster under *Twombly* and fail as a matter of law on multiple grounds. For example, Apple's theory that *disaggregation* of patents somehow violates the antitrust laws makes no sense because the overarching purpose of the antitrust laws is to prevent *increases* in concentrations of market power. (Mot. to Dismiss at 19-22 (ECF 73).) Apple's Amended Complaint is nothing more than an inappropriate attempt to gain a commercial advantage in a licensing dispute through the antitrust laws. (*Id.* at 4.) While Apple obviously would prefer otherwise, it is well-established that patent holders are permitted to monetize their patent portfolios as they see fit, including by transferring patents. (*Id.*) Apple's purported contract claims are also deficient. Among numerous other deficiencies, Apple fails even to identify the patents or contracts at issue. (Acacia Defs.' Suppl. Mem. in Supp. of Mot. to Dismiss at 5-6 (ECF 75).) Furthermore, rulings in prior proceedings between Apple and the Acacia and Conversant Defendants belie Apple's contract claims. (*Id.* at 1.) With respect to

Conversant, Apple's state-law claims are barred in their entirety by the doctrine of *res judicata*. (Core Wireless Defs.' Suppl. Mem. in Supp. of Mot. to Dismiss at 4-6 (ECF. 77).)

### B.   Apple's Discovery Requests.

On April 6, 2017, just after the parties conducted their Rule 26(f) conference, Apple electronically served discovery requests on each Defendant. (*See* Elacqua Decl. ¶¶ 5-10, Exs. 1-6.) Apple propounds more than 30 document requests to each of the eleven Defendants on broadly worded topics that pertain to nearly every aspect of each Defendant's patent licensing business and related activities. (*See id.* at Exs. 1-3.) Among other similarly broad requests, Apple demands production of "all" documents, without limitation, concerning:

- "[T]he transfer or potential transfer of any Nokia Patent to any PAE," with "Nokia Patents" broadly defined to include "any and all patents Nokia owns or previously owned";[2]
- "[M]arkets for and competition [for] Nokia patented technologies," with no definition of "Nokia patented technologies" provided;[3]
- "FRAND commitments" generally, or "Nokia's FRAND commitments," with no limitation or qualification on the patent for which, or the organization to which, any such commitment was made;[4]
- "Nokia's licensing capability and prowess";[5]
- "[R]oyalty rates or other licensing fees charged to suppliers of cellular devices";[6] and
- For Acacia and Conversant, "acquisition of patents covering technology in cellular devices."[7]

---

[2] (*See* Elacqua Decl. at Ex. 1, Request 7; Ex. 2, Request 7; Ex. 3 Request 7.)
[3] (*See id.* at Ex. 1, Request 26; Ex. 2, Request 11; Ex. 3 Request 11.)
[4] (*See id.* at Ex. 1, Request 15; Ex. 2, Requests 15-16; Ex. 3 Request 15-16.)
[5] (*See id.* at Ex. 1, Request 25; Ex. 2, Request 22.)
[6] (*See id.* at Ex. 1, Request 17; Ex. 2, Request 18; Ex. 3 Request 18.)
[7] (*See id.* at Ex. 2, Request 21; Ex. 3 Request 21.)

For the most part, Apple's document requests are unlimited in time. (*Id.*) And even those requests that appear targeted at documents regarding transferred patents are overbroad when read in conjunction with the Amended Complaint, in which Apple alleges the transfer of "thousands" of patents. (Am. Compl. ¶¶ 1, 23.) In addition, Apple's interrogatories seek extensive information about every patent transfer from Nokia to a patent assertion entity spanning more than ten years. (Elacqua Decl. at Exs. 4-6.) And in the Joint Case Management Statement filed on April 20, 2017, Apple proposes it be permitted to submit 50 interrogatories to each Defendant, double the 25 permitted under the Federal Rules. (*See* Initial Joint Case Mgmt. Statement at 9 (ECF 90) ("JCMS").) Similarly, Apple proposes it be permitted 30 total depositions of Defendants, a significant increase over the 10 total depositions permitted by the Federal Rules. (*Id.*)

During the Rule 26(f) conference on April 6, 2017, the parties conferred on, among other topics, the schedule for discovery. (Elacqua Decl. ¶ 3.) Defendants stated their position that discovery should not proceed until the Court rules on the Motion to Dismiss, which is potentially dispositive of the case. (*Id.*) Apple responded with its position that discovery should proceed immediately, and the parties were unable to agree. (*Id.*) The disagreement is reflected in the parties' discovery position statements in the Joint Case Management Statement. (*See* JCMS at 7.)

## II. ARGUMENT

### A. Good Cause Exists To Stay Discovery in This Case Pending a Decision on Defendants' Motion To Dismiss.

Pursuant to Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As set forth more fully below, good cause exists to stay all discovery in this case until the Court issues a decision on the Motion to Dismiss.

#### 1. Courts Routinely Stay Discovery While Motions To Dismiss Are Pending in Antitrust Litigation.

Given the "unusually high cost" and "extensive scope" of discovery in antitrust cases, courts "'must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Twombly*, 550 U.S. at 558-59 (citation

-6-

omitted); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (noting district courts may exercise "wide discretion in controlling discovery"). The Ninth Circuit has recognized that Rule 12(b)(6) "enable[s] defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Twombly*, 550 U.S. at 558 (explaining that a complaint's """basic deficienc[ies] should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court"""" (citation omitted)). Accordingly, "[a] district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (staying discovery pending decision on potentially dispositive motion to dismiss).

As a result, courts often stay discovery if, as here, there is a pending dispositive motion to dismiss an antitrust complaint. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (staying discovery pending resolution of motions to dismiss because "[a]fter full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow"); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056, at *7-8 (N.D. Ind. Sept. 15, 2011) (staying discovery in antitrust litigation and noting that "[i]f the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed"); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (staying discovery in antitrust litigation and noting that "[a]bsent circumstances presenting a compelling need for prompt discovery . . . the principles underlying *Twombly* counsel in favor of granting defendants' motion to stay"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (noting that in antitrust litigation motions to stay discovery pending a decision on potentially dispositive 12(b)(6) motions "are granted with substantial frequency"); *see also Rutman Wine Co.*, 829 F.2d at 738 (noting that because of the "prohibitive" costs of discovery in antitrust cases, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"); *Limestone Dev.*

*Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (explaining that the *Twombly* "Court was concerned lest a defendant be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of the plaintiff's claim").

Apple's tactical behavior in serving such broad discovery requests at this early point in the litigation is perhaps best illustrated by the fact that in another case in this District, Apple has itself argued that it is appropriate and efficient to stay discovery in antitrust cases while a dispositive motion is pending. When Apple is a defendant, it acknowledges that a stay of discovery "is particularly appropriate in complex antitrust cases . . . where the burden of requiring Defendants to engage in broad, costly and invasive discovery should only be shouldered *if* this Court determines that Plaintiffs can plead a viable claim." Defendants' Joint Motion for Temporary Stay of Discovery, *supra*, at 1.[8] The court denied Apple's motion in part and granted it in part, permitting discovery only of documents that Apple had previously produced to the Department of Justice as part of a prior investigation and noting that Apple had "already gone through the document review process, the privilege log creation, the Bates stamping, the production," and, therefore, production was not burdensome. Transcript at 6:3-8:6, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK (N.D. Cal. Oct. 27, 2011) (ECF 94). In this case, in contrast, Apple is seeking to require Defendants to respond to massive discovery requests from scratch.

### 2. A Stay is Warranted Under the Northern District's Two-Prong Test.

The Ninth Circuit has offered "no specific guidance on the standard to be employed on a motion to stay discovery pending the outcome of a [dispositive] motion other than that a court may,

---

[8] Recently, in an antitrust action brought by the Federal Trade Commission ("FTC") and Qualcomm, the same court that presided over *In re High-Tech Employee Antitrust Litigation* allowed discovery to proceed while a motion to dismiss was pending in an antitrust action brought by the FTC against Qualcomm. *See FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, order at 1 (N.D. Cal. Apr. 13, 2017) (ECF 72). However, the FTC's claims against Qualcomm in that matter were based on years of investigation and development. In stark contrast, Apple's complaint in this matter contains bald allegations in support of what is, at best, a novel antitrust theory that is unsupported by antitrust precedent. Thus, Defendants' Motion to Dismiss is far more likely to dispose of, or at least narrow, Apple's claims than Qualcomm's motion to dismiss the FTC's claims. Accordingly, unlike in *Qualcomm*, the circumstances here strongly favor a stay while the Court evaluates whether Apple can state a claim.

at its discretion, stay discovery pending the adjudication of that motion."[9]  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 n.3 (S.D. Cal. 2000); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) ("The court's research has not found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending."). In the absence of guidance, the Northern and Eastern Districts of California have applied a two-prong test to determine whether to stay discovery pending a decision on a dispositive motion. *See Hamilton*, 2011 WL 5085504, at *1; *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); *Estate of Bock v. County of Sutter*, No. S-11-0536 MCE GGH, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012). The two-prong test requires that "[f]irst, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and "second, the court must determine whether the pending dispositive motion can be decided absent discovery." *Hall*, 2010 WL 539679, at *2. Under this standard, even if a motion to dismiss is "not . . . surely [to] be granted," the court may still stay discovery if "it is quite possible that some claims and/or defendants might be eliminated by the motion." *Estate of Bock*, 2012 WL 94618, at *2; *see also In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (observing that if discovery would be burdensome, the "better course" is to stay discovery while a motion to dismiss is pending). Both prongs of this test are satisfied here.

The first prong of this test is satisfied because, if granted, Defendants' Motion to Dismiss will dispose of Apple's entire case. *See Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (granting stay because motion was potentially dispositive); *Hall*, 2010 WL 539679, at *2 (granting stay because "motion to dismiss, if meritorious, will dispose of the entire case"); *Hamilton*, 2011 WL 5085504, at *1 (same). In its Amended Complaint, Apple alleges violations by Defendants of Section 7 of the Clayton Act, Sections 1 and

---

[9] Though the Ninth Circuit has not set out a standard for a motion to stay while a potentially dispositive motion is pending, it has upheld district court decisions to stay discovery in those circumstances. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (finding no abuse of discretion in district court decision to stay discovery pending motion to dismiss pursuant to 12(b)(6)); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (same).

2 of the Sherman Act, and California's Unfair Competition Law, as well as breach of contract. (*See* Section I.A, *supra*.) Defendants' Motion to Dismiss establishes that Apple's attempt to cast the patent transfers as an antitrust issue, or a breach of FRAND obligations, fails. Thus, not only does Defendants' Motion to Dismiss have the potential to dispose of Apple's entire Amended Complaint, it is likely that it will.

Moreover, a stay is also appropriate because, at a minimum, "some claims and/or defendants might be eliminated by [Defendants' Motion to Dismiss]" and any remaining issues will be narrowed. *See Estate of Bock*, 2012 WL 94618, at *2. In such circumstances, the "better course" is to resolve the motion to dismiss first and then allow a "narrowly-directed and less burdensome discovery plan" for surviving claims. *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5. In *In re Graphics Processing Units Antitrust Litigation*, the defendants moved to stay discovery "until the current round of motions to dismiss" was resolved. *Id.* at *1. The court granted the defendants' motion, observing that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome." *Id.* at *4. The court further noted that "[a]fter full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow. . . . The immediate point is that adjudicating the motions to dismiss will shed light on the best course for discovery." *Id.* at *5. That same reasoning is applicable here.

Apple's sweeping discovery requests are will impose significant burden and cost on Defendants. Indeed, Apple acknowledges that, based on its current allegations, "substantial discovery will be necessary in this case" (*see* JCMS at 8), and Apple seeks to expand the discovery to which it is entitled under the Federal Rules. (*See* Section I.B, *supra*.) Responding to Apple's first sets of written discovery requests, which seek extensive information about all patents transferred by Nokia to any PAE over the course of more than ten years—and, according to Apple's Amended Complaint, Nokia has transferred thousands of patents (*see* Section I.B, *supra*, and Am. Compl. ¶¶ 1, 23)—will be time-consuming and costly for Defendants. Responding to Apple's first requests for production of documents will be even more onerous and expensive. Apple's document requests seek materials on a range of topics that cover almost every aspect of

1  Defendants' patent licensing business.  (*See* Elacqua Decl. at Exs. 1-3.)  Indeed, in one single
2  request—"All documents . . . concerning [Defendant's] strategy for asserting, licensing or
3  otherwise monetizing [Nokia or acquired] Patents" (*see id.* at Ex. 1, Request 12; Ex. 2, Request 13;
4  Ex. 3 Request 13))—Apple potentially implicates an overwhelming number of documents in each
5  Defendant's possession.  Compliance with such broad requests would require Defendants to collect,
6  review and produce documents from numerous employees and locations throughout the world.
7       Exposing Defendants to such burdens at this stage, with a potentially case-dispositive
8  motion pending, is premature because they are potentially unnecessary.   If even only some of
9  Apple's claims are dismissed, many of its far-reaching requests will become irrelevant to the
10 remaining claims.  For example, if Apple's breach of contractual FRAND obligations claim is
11 dismissed, its requests related to "FRAND commitments" could be more narrowly tailored.  Even
12 if Apple were to seek to replead to attempt to cure the manifold deficiencies in its Amended
13 Complaint, the scope of permissible discovery would undoubtedly change.  These are just a few
14 examples of how the contours of discovery may change based on the Motion to Dismiss.
15       In addition to the undue burden on Defendants, moving forward with discovery at this time
16 likely will tie up the Court's resources with potentially unnecessary discovery disputes.  In these
17 circumstances, as the Northern District observed in *In re Graphics Processing Units Antitrust*
18 *Litigation*, the "better course" is to stay discovery until Defendants' Motion to Dismiss has been
19 decided.
20       As to the second prong of the test, additional discovery is not needed to decide Defendants'
21 now-pending Motion to Dismiss.  A motion to dismiss can be, and is expected to be, decided
22 absent discovery.  *Jarvis*, 833 F.2d at 155 (9th Cir. 1987) (discovery on a motion to dismiss is only
23 appropriate where there are factual issues raised by the motion).  A stay of discovery is proper
24 where, taking the plaintiff's allegations as true, the complaint fails as a matter of law.  *Id.* (stay of
25 discovery was not abuse of discretion where "district court accepted the facts alleged by the
26 appellants as true, but found them deficient as a matter of law").  If, as in this case, a motion to
27 dismiss is "premised on plaintiff's purported insufficient *allegations*, not insufficient proof,"
28 discovery is not necessary to decide the motion.  *Mlejnecky v. Olympus Imaging Am. Inc.*, No.

-11-

2:10-cv-02630 JAM KJN, 2011 WL 489743, at *10 (E.D. Cal. Feb. 7, 2011).  Defendants' Motion to Dismiss argues that, accepting Apple's allegations as true, Apple cannot state a claim because its allegations are internally inconsistent and legally deficient.  Therefore, the Motion to Dismiss can be decided on the face of the Amended Complaint and the parties' briefs without any discovery.

### 3. Apple Will Not Be Prejudiced by a Temporary Stay.

At this point in the proceedings, a stay of discovery while the potentially dispositive Motion to Dismiss is pending will not prejudice Apple.  *See Top Rank, Inc. v. Haymon*, No. CV 15-4961-JFW (MRWx), 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (compelling arguments in motion to dismiss "deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery" and any prejudice to plaintiff in stay is "extremely limited"); *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-1706, 2008 WL 4612856, at *2 (E.D. Pa. Oct. 15, 2008) (stay of discovery pending a filed motion to dismiss "will do little to prejudice Plaintiffs at this point in the proceedings").  Appropriate discovery would remain available to all parties at a later date that will reduce expense and inefficiency.  At the Rule 26(f) conference and in the Case Management Statement filed with the Court, the parties have certified that they have taken steps to preserve documents.  (*See* JCMS at 7.)  Moreover, the parties have exchanged initial disclosures, and expressed that they will confer regarding any other discovery orders, such as an order addressing electronically stored information.  (*See id.* at 10.)  Thus, there should be no concern that a stay pending the Court's determination on the Motion to Dismiss will prejudice Apple if discovery becomes necessary.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants Nokia, Acacia and Conversant respectfully request that the Court grant their Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss.

MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT                    Case No. 5:16-cv-7266

DATED: April 24, 2017                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


                                           By:    /s/ James J. Elacqua


                                              *Attorneys for* NOKIA CORPORATION,
                                           NOKIA SOLUTIONS AND NETWORKS OY, and
                                              NOKIA TECHNOLOGIES OY


DATED:  April 24, 2017                     LECLAIRRYAN


                                           By:    /s/ Patricia L. Peden


                                           *Attorneys for* ACACIA RESEARCH CORPORATION,
                                           CELLULAR COMMUNICATIONS EQUIPMENT
                                           LLC, CELLULAR COMMUNICATIONS
                                           EQUIPMENT GMBH, SAINT LAWRENCE
                                           COMMUNICATIONS LLC, and SAINT LAWRENCE
                                           COMMUNICATIONS GMBH


DATED:  April 24, 2017                     BAKER BOTTS


                                           By:    /s/ Stuart C. Plunkett


                                           *Attorneys for*  CONVERSANT INTELLECTUAL
                                           PROPERTY MANAGEMENT INC., CORE WIRELESS
                                           LICENSING, S.A.R.L., and CORE WIRELESS
                                           LICENSING LTD.

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request.

DATED: April 24, 2017                         /s/ James J. Elacqua
                                              James J. Elacqua

-13-

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017 I electronically filed the foregoing documents using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

DATED: April 24, 2017                              /s/ James J. Elacqua
                                                                  James J. Elacqua

-14-
**MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT**                    Case No. 5:16-cv-7266