1   Mark D. Selwyn (SBN: 244180)
    mark.selwyn@wilmerhale.com
2   WILMER CUTLER PICKERING
      HALE AND DORR LLP
3   950 Page Mill Road
    Palo Alto, CA 94304
4   Telephone: +1 650 858 6000
    Facsimile: +1 650 858 6100
5
    William F. Lee (*pro hac vice*)
6   william.lee@wilmerhale.com
    Joseph J. Mueller (*pro hac vice*)
7   joseph.mueller@wilmerhale.com
    Timothy Syrett (*pro hac vice*)
8   timothy.syrett@wilmerhale.com
    WILMER CUTLER PICKERING
9     HALE AND DORR LLP
    60 State Street
10  Boston, MA 02109
    Telephone: +1 617 526 6000
11  Facsimile: +1 617 526 5000

Leon B. Greenfield (*pro hac vice*)
leon.greenfield@wilmerhale.com
Nina S. Tallon (*pro hac vice*)
nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: +1 202 663 6000
Facsimile: +1 202 663 6363

*Attorneys for Plaintiff*
APPLE INC.

12                     **UNITED STATES DISTRICT COURT**

13                   **NORTHERN DISTRICT OF CALIFORNIA**

14                          **SAN JOSE DIVISION**

15

16  APPLE INC.,

                      Plaintiff,                    Case No. 5:16-cv-07266-EJD

17       v.

18  NOKIA CORPORATION, NOKIA            **APPLE INC.'S NOTICE OF MOTION**
    SOLUTIONS AND NETWORKS OY, NOKIA    **AND MOTION FOR LEAVE TO FILE**
19  TECHNOLOGIES OY, ACACIA RESEARCH    **SECOND AMENDED COMPLAINT**
    CORPORATION, CELLULAR
20  COMMUNICATIONS EQUIPMENT LLC,
    SAINT LAWRENCE COMMUNICATIONS
21  LLC, CELLULAR COMMUNICATIONS
    EQUIPMENT GMBH, SAINT LAWRENCE      Hearing Date:  January 11, 2018
22  COMMUNICATIONS GMBH,
    CONVERSANT INTELLECTUAL             Time:  9:00 A.M.
23  PROPERTY MANAGEMENT INC., CORE
    WIRELESS LICENSING S.A.R.L., AND    Courtroom:  4
24  CORE WIRELESS LICENSING LTD.,
                                        Judge:  Honorable Edward J. Davila
25
                      Defendants.
26

27      Case No. 5:16-cv-07266                      APPLE'S NOTICE OF MOTION AND
                                                    MOTION FOR LEAVE TO FILE
28                                                  SECOND AMENDED COMPLAINT

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT ON January 11, 2018, at 9:00 A.M., in Courtroom 4,

3    fifth floor, United States District Court for the Northern District of California, San Jose Division,

4    located at 280 South 1st Street, San Jose, California 95113, plaintiff Apple Inc. ("Apple") will

5    and hereby does move for an order granting leave to file a second amended complaint pursuant

6    to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  This Motion is based on this notice of

7    motion and supporting memorandum of points and authorities; and any written and oral

8    argument and authorities that are presented at or before the hearing of this Motion.

9

10                              **RELIEF REQUESTED**

11    Apple requests leave to file a second amended complaint pursuant to Rule 15(a)(2) of the

12    Federal Rules of Civil Procedure.  Apple's proposed second amended complaint is attached

13    hereto as Exhibit 1.  Without taking a position regarding the propriety of adding any new party at

14    this juncture, Acacia Research Corporation and its subsidiaries Saint Lawrence Communications

15    LLC and Saint Lawrence Communications GmbH (collectively, "Acacia") do not oppose this

16    motion.  Acacia intends to file a motion to dismiss (and/or to seek other relief) directed at the

17    second amended complaint, which the parties will separately brief.

18

19                   **MEMORANDUM OF POINTS AND AUTHORITIES**

20    **I.    BACKGROUND**

21    On December 20, 2016, Apple filed a complaint against Acacia Research Corporation,

22    Cellular Communication Equipment LLC, Saint Lawrence Communications LLC, Cellular

23    Communication Equipment GmbH, Saint Lawrence Communications GmbH, Conversant

24    Intellectual Property Management Inc., Core Wireless Licensing S.a.r.l., and Core Wireless

25    Licensing Ltd.  (Dkt. No. 1.)  The next day, Apple amended its complaint to add Defendants

26    Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia Technologies Oy

27

28

Case No. 5:16-cv-07266                          APPLE'S NOTICE OF MOTION AND
                                                MOTION FOR LEAVE TO FILE
                                                SECOND AMENDED COMPLAINT

(collectively, "Nokia").  (Dkt. No. 12-3.)  On March 28, 2017, Defendants jointly filed a motion to dismiss the amended complaint (Dkt. No. 73), and a hearing is set for November 2, 2017.  On April 6, 2017, Apple served interrogatories and initial requests for production of documents on Defendants shortly after the parties held their 26(f) conference.  On April 24, 2017, defendants moved for a protective order staying discovery pending resolution of the motion to dismiss (Dkt. No. 91), and a hearing on that motion is scheduled for November 2, 2017.  The week before Defendants' discovery responses were due, Defendants requested that the Court postpone the deadline for responding to Apple's discovery requests until the Court had ruled on the motion to stay discovery.  (Dkt. No. 95.)  The Court granted that request.  (Dkt. No. 96.)  A Case Management Conference is set for November 9, 2017.

On May 23, 2017, Apple and Nokia settled the claims asserted against Nokia in the above-captioned matter.  On September 1, 2017, Apple and Acacia Research Corporation settled the claims asserted against Acacia subsidiaries Cellular Communications Equipment LLC and Cellular Communications Equipment GmbH (collectively, "CCE").  On September 8, 2017, and September 11, 2017, Apple and certain defendants filed stipulated joint motions to dismiss all claims against Nokia and CCE, as well as Conversant Intellectual Property Management Inc., Core Wireless Licensing S.a.r.l., and Core Wireless Licensing Ltd (collectively, "Conversant").  Apple now seeks to amend its complaint to remove certain allegations involving Nokia, Conversant, CCE, and Acacia Research Corporation; to modify its claims in light of those changes; to add VoiceAge Corporation ("VoiceAge") as a defendant; and to provide additional factual detail on the licensing negotiations between the remaining parties and the patents involved.

## II.   ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure directs the Court to "freely give leave to amend when justice so requires," Fed. R. Civ. P. 15(a)(2), a policy that is "to be applied with extreme liberality."  *Eminence Capital LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

1  (quoting *Owens v. Kaiser Found. Health Plan Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also*

2  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("This liberality in granting

3  leave to amend is not dependent on whether the amendment will add causes of action or

4  parties."). "Absent prejudice or a strong showing of bad faith, undue delay, or futility of

5  amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

6  *Castillo v. Nationstar Mortg. LLC*, No. 15-CV-01743, 2016 WL 8135345, at *1 (N.D. Cal. Aug.

7  11, 2016); *see also Foman v. David*, 371 U.S. 178, 182 (1962) (enumerating limited

8  circumstances under which a court could deny leave to amend).  The party opposing the

9  amendment "bears the burden" of showing why leave should not be granted.  *See DCD*

10 *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  For the reasons discussed below,

11 the Court should grant leave to amend here.

12      As a consequence of Apple's dismissal of Nokia, Conversant, and CCE from this action,

13 Apple seeks to amend its First Amended Complaint ("FAC") to remove the claims and

14 allegations involving these dismissed parties.  The counts and allegations in the proposed Second

15 Amended Complaint ("SAC") are now limited to those related to patents or patent applications

16 transferred from VoiceAge to Acacia.  The proposed SAC adds VoiceAge as a defendant and

17 describes its illegal conduct in detail, including a conspiracy to transfer patents to Acacia with

18 the purpose and effect of evading VoiceAge's FRAND commitments in violation of Section 1 of

19 the Sherman Act and in breach of its FRAND commitments.  The SAC also alleges additional

20 factual detail concerning the remaining patents and conduct at issue in this case.

21      Prejudice is the "touchstone" of the determination whether a plaintiff should be granted

22 leave to amend.  *Eminence* 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the

23 opposing party that carries the greatest weight.").  No defendant, including the proposed

24 additional defendant (VoiceAge), is prejudiced here.  The remaining Acacia defendants do not

25 oppose this motion; though they take no position regarding the propriety of adding VoiceAge as

26

27

28

a party at this juncture.  The case is in the early phases of litigation.[1]  Discovery has not yet

commenced (and is currently in abeyance at defendants' request).  Accordingly, the amendment

would not prejudice the defendants as to timing or cost of discovery.  *See, e.g., DCD Programs

v. Leighton*, 833 F.2d at 188 (finding that a party to be added to a complaint by amendment

would not be prejudiced where the case was "still at the discovery stage with no trial date

pending, nor ha[d] a pretrial conference been scheduled"); *S.J. Amoroso Const. Co. v. Liberty

Surplus Ins. Corp.*, No. 09-4197, 2010 WL 2382260, at *1 (N.D. Cal. June 10, 2010) (granting

leave to amend where "case is still in the early stages of litigation and because the discovery

cutoff is more than a year away"); *dpiX LLC v. Yieldboost Tech, Inc.*, No. 14-CV-05382, 2015

WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (granting leave to amend where motion was filed

"at an early stage in the litigation and discovery has only just begun").  The proposed SAC also

streamlines the issues in the case, as they relate only to patents acquired by Acacia from

VoiceAge.  *See Godoy v. Wadsworth*, No. 05-02913, 2009 WL 1458035, at *2 (N.D. Cal. May

21, 2009) (granting leave to amend complaint where plaintiff withdrew a count and "narrowed

some of his claims, minimizing defendants' potential liability"); *see also* Wright & Moore, 6

Fed. Prac. & Proc. Civ. § 1474 (3d ed.) ("Plaintiffs and defendants also have been permitted to

amend their pleadings to state additional claims, to assert additional defenses, or to drop claims

or defenses."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir.

2005) ("[W]ithdrawals of individual claims against a given defendant are governed by Fed. R.

Civ. P. 15").

## III.    CONCLUSION

For the reasons set forth above, Apple respectfully requests that the Court grant its

Motion for Leave to File Second Amended Complaint.

---

[1]      The Court has not yet issued a scheduling order setting a deadline for amending the
complaint, so the Court may "freely give leave [to amend] when justice so requires" pursuant to
Rule 15(a)(2).  *Cf. Castillo*, 2016 WL 8135345, at *1 (finding that where the scheduling order
did not set a deadline for amendment, Rule 16's higher good cause standard does not apply).

DATED: September 11, 2017

Respectfully submitted,

By:   _/s/_ Mark D. Selwyn

Mark D. Selwyn (SBN: 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: +1 650 858 6000
Facsimile:  +1 650 858 6100

William F. Lee (*pro hac vice*)
william.lee@wilmerhale.com
Joseph J. Mueller (*pro hac vice*)
joseph.mueller@wilmerhale.com
Timothy Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile:  +1 617 526 5000

Leon B. Greenfield (*pro hac vice*)
leon.greenfield@wilmerhale.com
Nina S. Tallon (*pro hac vice*)
nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: +1 202 663 6000
Facsimile:  +1 202 663 6363

*Attorneys for Plaintiff*
APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2017, I electronically filed the foregoing documents using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.


DATED:        September 11, 2017              _____
                                              */s/* Mark D. Selwyn
                                              Mark D. Selwyn